JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
REBECCA WALDER

## DEFENDANTS
NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff  San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Cary Kletter
KLETTER & PERETZ
22 Battery Street, Suite 202
San Francisco, CA 94111

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability |  |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [X] 791 Empl. Ret. Inc. Security Act |  | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General |  | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee |  |  |
|  |  |  | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Empl. Ret. Inc. Security Act
Brief description of cause:
Denail of LTD Benefits, and other claims

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE  7/17/08

SIGNATURE OF ATTORNEY OF RECORD  /s/ Cary S. Kletter

Cary S. Kletter (SBN 210230)
KLETTER & PERETZ
22 Battery, Suite 202
San Francisco, California 94111
Telephone: 415.732.3790
Facsimile: 415.732.3791

Attorney for Plaintiff,
REBECCA WALDER

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

REBECCA WALDER,

        Plaintiff,

vs.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, and DOES 1 through 10.

        Defendants.

Case No. CV 08 3462 BZ

**COMPLAINT OF REBECCA WALDER**

1. Denial of ERISA Benefits;
2. Breach of Fiduciary Duty under ERISA;
3. Violation of ERISA section 502(a)(3); and
4. Declaratory Relief.
5. Breach of Contract;
6. Breach of Implied Covenant of Good Faith and Fair Dealing;
7. Breach of Insurance Contract;
8. Negligent Infliction of Emotional Distress; and
9. Violations of Bus. & Prof. Code §17200

## INTRODUCTION

    This is an action brought by Plaintiff REBECCA WALDER ("WALDER") against Defendant NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, ("NORTHWESTERN") and DOES 1–10 (collectively "DEFENDANTS") in connection with

claims arising from DEFENDANTS' denial of WALDER's Long Term Disability ("LTD") benefits claim.

## JURISDICTION

This action is for equitable relief and for benefits under an employee benefit plan and is brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 et seq. (hereinafter "ERISA"). This Court has subject matter jurisdiction pursuant to 29 U.S.C. Section 1132 and 28 U.S.C. Section 1331.

## PARTIES

1. WALDER was a resident of the City of San Francisco, County of San Francisco, State of California.

2. WALDER was an employee of the PlumpJack Management Services Group ("PlumpJack"), and was covered as a beneficiary under its Long Term Disability Group Policy issued by NORTHWESTERN, specifically policy number L660723 commencing March 15, 2006 (the "POLICY").

3. NORTHWESTERN is, and at all times herein was, insurance company authorized under the laws of the California to do business as an insurer.

## FACTUAL ALLEGATIONS

4. WALDER worked for PlumpJack for approximately 2 1/2 years during the 2004 to 2007 period, as Director of Marketing.

5. WALDER's position required extensive analytical and problem-solving capabilities, devising branding and marketing strategies, traveling to Tahoe, Napa and San Francisco, working ten hour days and some weekends, sitting in chair at a desk in an office environment, looking at a computer screen, completing paperwork, and working as part of a marketing team, among other responsibilities.

6. In June 2007, at the age of 36, WALDER became disabled with fibromyalgia and myofacial pain. WALDER had never been diagnosed with those conditions prior to June 2007. WALDER could not concentrate on her work because of her pain from fibromyalgia and myofacial pain, and she could not sit at her desk for extended lengths of time.

7. WALDER is indisputably and clearly disabled. She suffers from fibromyalgia, myofacial pain syndrome, temporomandibular joint disorder (TMJ) and other disabilities (including scoliosis). Prior to June 2007, although she had some physical limitations, WALDER was able to perform her work duties. In June 2007, WALDER became disabled with fibromyalgia and myofacial pain for the first time and as a result she is unable to perform the duties of her former position

8. On or about August 23, 2007, when it was clear that as a result of her fybromyalgia and myofacial pain WALDER could no longer work, she applied for LTD benefits from NORTHWESTERN.

9. WALDER then received a denial of her long term disability benefits in a letter dated November 21, 2007 (the "Denial Letter"). This decision was an adverse benefits decision within the meaning of Department of Labor regulations under ERISA § 503, 29 U.S.C. § 113. [See 29 C.F.R. §2560.503-1(m)(4)].

10. In the Denial Letter, NORTHWESTERN informed WALDER that her LTD benefits claim was denied because NORTHWESTERN concluded that WALDER was "treated and prescribed medication for [her] neck pain, shoulder pain, arm pain, and back pain, as well as headaches on multiple occasions during the pre-existing period" (Denial Letter, Page 3).

11. NORTHWESTERN **did not** cite any medical records indicating that WALDER was diagnosed, or suffered from, fibromyalgia or myofacial pain during the pre-existing period or at any time prior to June 26, 2007, the date WALDER became disabled. Thus, NORTHWESTERN's denial of WALDER's claim was improper and a violation of their obligations under the POLICY.

12. NORTHWESTERN has never provided any evidence that contradicts WALDER's evidence that she was first diagnosed with fibromyalgia and myofacial pain in June 2007, while her LTD policy was in force. Several medical professionals who have examined and treated WALDER, and even NORTHWESTERN's own records review doctor (Dr. Joseph Mandiberg) substantiate that Ms. Walder is clearly disabled and has restrictions and limitations preventing her from performing her work related duties.

13. Since NORTHWESTERN improperly denied WALDER's claim, WALDER complied with the POLICY's requirement that she appeal for a review of her claim to

NORTHWESTERN. By letter dated June 6, 2008, WALDER timely appealed for a review of NORTHWESTERN's erroneous denial of her LTD claim.

14. WALDER's June 6, 2008 appeal review request clearly states that "This letter, along with the entire contents of Ms. Walder's claim handling file, all of Ms. Walder's and our correspondence with Northwestern, documents Northwestern has obtained on its own (such as the records of SSA and medical records), and the attached documents **constitute her appeal of the denial of her long-term disability benefits and request for review pursuant to §503 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1113, and the Department of Labor regulations issued thereunder.**"

15. The Denial Letter plainly states that "If you request a review, it will be conducted by an individual who was not involved in the original decision." (Denial Letter, page 4).

16. By letter dated July 9, 2008, NORTHWESTERN denied WALDER's appeal review request and this lawsuit ensued.

17. Significantly, NORTHWESTERN had the same individual who denied WALDER's initial claim review, and deny again, her appeal review request: specifically Sheila Nolan, a Senior Disability Benefits Analyst employed in the Group Benefits Department of NORTHWESTERN. As the person who reviewed the file, conducted the investigation and wrote the Denial Letter, Ms. Nolan was "involved in the original decision" and as such should not have been involved in the appeal review, as promised in the Denial Letter.

18. As a result of the actions of DEFENDANTS, WALDER has been improperly denied the benefits described in the POLICY. WALDER suffered financial loss as a result of the improper denial of her LTD benefits.

### FIRST CAUSE OF ACTION
### Denial of ERISA Benefits

19. WALDER incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

20. WALDER was a beneficiary under PlumpJack's Group LTD insurance policy.

21. At all material times herein, WALDER complied with all of the material provisions pertaining to the POLICY and/ or compliance has been waived, and/or DEFENDANTS are estopped to argue any failure to comply.

22. Under the POLICY, DEFENDANTS were obligated to pay LTD benefits to WALDER if she became disabled while the POLICY was in force.

23. While the POLICY was in force, on or about June 26, 2007, WALDER became disabled with fibromyalgia and myofacial pain.

24. Despite WALDER's demand that DEFENDANTS provide her with the LTD benefits to which she is entitled, DEFENDANTS have refused to do so.

25. DEFENDANTS' refusal to pay the LTD benefit due to WALDER under the POLICY violates the terms of the POLICY and ERISA.

26. WALDER's claim is brought under Section 502(a)(1)(B) of ERISA which allows a beneficiary to recover benefits due to her and to enforce her rights under an employee benefit plan. 29 U.S.C. §1132(a)(1)(B). Furthermore, the Court has authority to award WALDER her attorney's fees, pre-judgment interest, and costs. 29 U.S.C. §1132(g)(1).

27. As a proximate result of DEFENDANTS' denial of ERISA benefits, WALDER has suffered economic damages including insurance benefits and attorneys' fees, to be shown according to proof.

### SECOND CAUSE OF ACTION
### Breach of Fiduciary Duty under ERISA

28. WALDER incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

29. At all times, DEFENDANTS administered the POLICY with respect to claims and payment of LTD benefits under the Policy. Accordingly, DEFENDANTS are fiduciaries of an employee benefit plan under ERISA.

30. 29 U.S.C. §1109(a) provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

31. The fiduciary duties under ERISA in part are that:

a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and…

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

32. DEFENDANTS breached their fiduciary duty by acting counter to the interests of a beneficiary, WALDER in the following respects:

    (a)    Engaging in a course of conduct to diminish valid claims in an attempt to avoid proper reimbursement to WALDER;

    (b)    Unjustly and wrongfully refusing to pay WALDER the LTD benefits due under the Policy;

    (c)    Failing to reasonably and adequately investigate WALDER's claims;

    (d)    Consciously and unreasonably refusing to make payment to WALDER, with the intent of enriching NORTHWESTERN at WALDER's expense;

    (e)    Delaying payment of the claim;

    (f)    Unreasonably relying on the opinion of a biased medical professional as grounds for depriving WALDER of the LTD benefit that she is entitled to;

    (g)    Unreasonably relying on the opinion of a medical professional who did not examine WALDER as grounds for depriving WALDER of the LTD benefit that she is entitled to;

    (h)    Failing to give appropriate deference to WALDER's treating medical professionals and doctors;

    (i)    Adopting unreasonable and self-serving interpretations of the POLICY language as a basis for denial of WALDER's claim; and

    (j)    Acting in its own self-interest and contrary to the interests of WALDER.

33. By performing the acts set forth above, DEFENDANTS did not carry out its duties with respect to the POLICY solely in the interest of WALDER. Further, DEFENDANTS did not

investigate WALDER's claim with the skill, prudence, and diligence that a prudent person would have exercised in a like circumstance.

34. As a proximate cause of the aforementioned conduct by DEFENDANTS, WALDER has suffered economic damages including LTD benefits and attorneys' fees, to be shown according to proof.

### THIRD CAUSE OF ACTION
### Violation of ERISA section 502(a)(3)

35. WALDER incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

36. ERISA section 502(a)(3) grants WALDER the right to bring an action to "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief." 29 U.S.C. §1131(a)(3).

37. DEFENDANTS' conduct has deprived WALDER of LTD benefits and absent assistance from the Court, DEFENDANTS will continue to deny her the benefit due under the POLICY.

38. Unless DEFENDANTS are restrained from continuing their inappropriate and unjust conduct, they will continue to violate the terms of the POLICY and their fiduciary duties. The denial of the LTD benefits due to WALDER will cause her irreparable harm and it would be difficult or impossible to ascertain the amount of compensation which would afford WALDER adequate relief unless this Court grants injunctive relief.

### FOURTH CAUSE OF ACTION
### Declaratory Relief

39. WALDER incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

40. Under the POLICY, DEFENDANTS undertook to insure and did insure WALDER for LTD benefits.

41. At all times herein mentioned, the POLICY was, and is, in full force and effect.

42. An actual controversy has arisen between the beneficiary, WALDER, and DEFENDANTS as to whether a pre-existing condition exclusion in the POLICY applies, as defined in the POLICY.

43. WALDER seeks a declaration by this Court that the pre-existing condition exclusion in the POLICY does not apply, and that WALDER's LTD benefits should have been provided to her when she initially applied.

### FIFTH CAUSE OF ACTION
### Breach of Contract

44. WALDER incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

45. DEFENDANTS have breached their contract by refusing to provide WALDER with the LTD benefits to which she is entitled, by failing to properly investigate the claim and by improperly denying the claim.

46. As a proximate result of DEFENDANTS' breach of contract, WALDER has suffered economic damages including, but not limited to, insurance benefits and attorneys' fees, to be shown according to proof.

### SIXTH CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair dealing

47. WALDER incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

48. A valid insurance contract existed covering WALDER.

49. DEFENDANTS are charged with a duty of good faith, and to deal fairly with WALDER in all matters. As a consequence of the contract existing between WALDER and DEFENDANTS, there existed an implied covenant and promise to act in good faith toward WALDER, to deal fairly with WALDER concerning all matters relating to said contractual arrangement and to not deprive WALDER of the right to receive benefits of the contract and relationship.

50. DEFENDANTS refused to make payments on LTD benefits pursuant to the contract with WALDER.

51. DEFENDANTS' withholding of WALDER's benefits was unreasonable in light of the nature of the POLICY and WALDER's disability.

52. DEFENDANTS have breached their duty of fair dealing and good faith to WALDER as set forth above.

53. As a proximate cause of the aforementioned conduct of DEFENDANTS, WALDER has suffered economic damages including insurance benefits and attorneys' fees, to be shown according to proof.

### SIXTH CAUSE OF ACTION
### Breach of Insurance Contract

54. WALDER incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

55. A valid insurance contract existed between WALDER and DEFENDANTS.

56. WALDER complied with all policy terms and provisions.

57. DEFENDANTS erroneously refused to perform their obligations under the POLICY by denying WALDER her LTD benefits.

58. As a direct and proximate result of DEFENDANTS' refusal to perform their obligations, WALDER suffered damages.

### SEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

59. WALDER incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

60. DEFENDANTS negligently failed to pay WALDER her LTD benefits.

61. As a result of the negligent conduct of DEFENDANTS, WALDER has suffered monetary damages, humiliation, mental anguish, and emotional distress.

62. WALDER has suffered and continues to suffer severe and/or extreme emotional distress as a result the extreme and outrageous acts of DEFENDANTS, as described above.

63. DEFENDANTS collectively and individually breached a duty of care owed to WALDER.

64. This breach of duty was the actual and proximate cause of damages to WALDER.

65. DEFENDANTS had a duty to exercise due care toward WALDER, and to refrain from carelessly, negligently, and/or arbitrarily causing her damages.

66. DEFENDANTS breached the aforesaid duty of care by denying WALDER's claims.

67. DEFENDANTS knew, or should have known, that their failure to exercise due care with regard to the aforementioned conduct would cause WALDER damages.

68. As a direct and proximate result of the negligent conduct by DEFENDANTS, WALDER suffered damages.

## EIGHTH CAUSE OF ACTION
**Violations of California Business & Professions Code §17200**

69. WALDER incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

70. California Business and Profession Code §17200 *et seq.* prohibits unfair competition, that is, any unlawful, unfair or fraudulent business practices.

71. Beginning at an exact date unknown to WALDER, but at least since 2007, DEFENDANTS have committed acts of unfair competition as defined by Business & Professions Code section §17200 *et seq.*, by engaging in the unlawful practices described in this Complaint, including, but not limited to:

   a. Violation of Insurance Code § 790.02 *et seq.*;
   b. Breach of fiduciary duty of care and disclosure;
   c. Breach of Contracts;
   d. Gross negligence (i.e. self-dealing and failing to acknowledge an inherent conflict of interest); and
   e. Conducting improper and unlawful acts.

72. The violations serve as unlawful predicate acts for purposes of Business and Profession Code §17200, and remedies are provided therein under Business and Profession Code §17203.

73. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, within the meaning of Business and Professions Code §17200 *et seq.*, because

74. DEFENDANTS failed to acknowledge their obligation to WALDER under the POLCIY. DEFENDANTS violated their fiduciary relationship with WALDER and unreasonably interpreted the POLICY and applicable facts in manner designed to elevate the interests of the insurer over the insured.

75. An inherent conflict of interest situation exists when one entity, in this case NORTHWESTERN, is both the insurer which must fund a valid claim for benefits, and acting as the administrator, which must decide if a claim for benefits should be funded.

76. As a direct and proximate result of the aforementioned acts, DEFENDANTS have received and continue to hold ill-gotten gains belonging to WALDER and have profited in that amount from their unlawful practices. In order to prevent DEFENDANTS from profiting and benefiting from their wrongful and illegal acts, an order is appropriate and necessary requiring DEFENDANTS to disgorge all of the profits and gains that they have reaped through their unlawful and unfair conduct described above. WALDER will, upon leave of Court, amend this Complaint to state the amount of such profits when ascertained.

77. Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. WALDER is entitled to restitution pursuant to Business and Professions Code §17203 for all payments and profits unlawfully withheld from WALDER during the year prior to the filing of this Complaint. WALDER will upon leave of Court amend this Complaint to state such amounts when ascertained.

78. WALDER seeks and is entitled to promised benefits, expenses, penalties, attorney's fees, emotional distress damages and equitable relief due to DEFENDANTS' failure to comply with California laws.

79. WALDER's success in this action will enforce important rights affecting the public interest and in that regard, WALDER herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interest of justice to penalize WALDER by forcing her to pay attorney's fees from the recovery in this action. Attorney's fees are therefore appropriate pursuant to California Code of Civil Procedure section 1021.5, ERISA and otherwise.

**PRAYER FOR RELIEF**

Wherefore, WALDER prays for this Court to grant the following relief:

1. For all benefits due under the POLICY, together with interest thereon at the legal rate;

COMPLAINT OF REBECCA WALDER

- 11 -

2. For emotional distress damages;
3. For attorneys' fees and other expenses incurred to obtain the benefits due under the Policy;
4. For costs of suit incurred herein;
5. That DEFENDANTS be enjoined as described above; and
6. All other further relief as this Court deems just and proper.

Dated: July 17, 2008

KLETTER & PERETZ

By: *[signature]*
Cary S. Kletter
Attorney for Plaintiff,
REBECCA WALDER