ANDREW M. ALTSCHUL (State Bar No. 226008)
BUCHANAN ANGELI ALTSCHUL &
SULLIVAN LLP
321 SW 4th Avenue, Suite 600
Portland, Oregon  97204
Telephone:  503.974.5015
Facsimile:  971.230.0337
E-mail:  *andrew@baaslaw.com*

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REBECCA WALDER**, | |
| Plaintiff, | Case No. CV 08-3462 BZ |
| v. | |
| **NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY**, and **DOES 1 through 10**, | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT OF REBECCA WALDER** |
| Defendants. | |

In answer to plaintiff's First Amended Complaint, defendant Northwestern Mutual Life Insurance Company ("NML") admits, denies, and alleges as follows:

1.      NML admits the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.

2.      In response to paragraph 2 of Plaintiff's First Amended Complaint, NML admits that Plaintiff worked for PlumpJack Management Services Group ("PlumpJack") and that as benefit of her employment on March 15, 2006 she became a participant in PlumpJack's Long Term Disability ("LTD") Policy issued by Northwestern with the policy number L660723.

3.      NML admits the allegations contained in paragraph 3 of Plaintiff's First Amended Complaint.

- 1 -

1    4.        NML admits the allegations contained in paragraph 4 of Plaintiff's First Amended
2    Complaint.

3    5.        NML admits the allegations contained in paragraph 5 of Plaintiff's First Amended
4    Complaint.

5    6.        In response to paragraph 6 of Plaintiff's First Amended Complaint, NWL admits
6    that Plaintiff was diagnosed with fibromyalgia and myofacial pain.

7    7.        In response to paragraph 7 of Plaintiff's First Amended Complaint, NWL admits
8    that Plaintiff had some physical limitations for which she sought medical treatment before she
9    was diagnosed with fibromyalgia.

10   8.        In response to paragraph 8 of Plaintiff's First Amended Complaint, NWL admits
11   that Plaintiff applied for LTD on or about August 23, 2007.

12   9.        NWL denies the allegations contained in Plaintiff's First Amended Complaint.

13   10.       In response to paragraph 10 of Plaintiff's First Amended Complaint, NWL admits
14   that on November 21, 2007 Walder was sent a letter informing her that her claim for LTD
15   benefits was being denied based on the LTD policy's preexisting condition limitation.

16   11.       In response to paragraph 11 of Plaintiff's First Amended Complaint, NWL admits
17   that on November 21, 2007 Walder was sent a letter informing her that her claim for LTD
18   benefits was being denied based on the LTD policy's preexisting condition limitation.

19   12.       NWL denies the allegations contained in paragraph 12 of Plaintiff's First
20   Amended Complaint.

21   13.       In response to paragraph 13 of Plaintiff's First Amended Complaint, NWL admits
22   that it has yet to consider whether Plaintiff's medical condition is disabling.  Before reaching that
23   issue NWL concluded Plaintiff's claim was excluded under the policy's preexisting condition
24   limitation.

25   14.       In response to paragraph 14 of Plaintiff's First Amended Complaint, NWL admits
26   that Plaintiff appealed the denial of her claim on June 6, 2008.

27   15.       In response to paragraph 15 of Plaintiff's First Amended Complaint, NWL admits
28   that Plaintiff quotes a portion of her June 6, 2008 appeal letter.

1    16.    In response to paragraph 16 of Plaintiff's First Amended Complaint, NWL admits

2    that Plaintiff quotes a portion of the November 21, 2007 denial letter.

3    17.    In response to paragraph 17 of Plaintiff's First Amended Complaint, NWL admits

4    that the original claims analyst wrote Plaintiff's attorney to state that she took a second look at her

5    claim, that the claim remains denied and that "[w]e will be referring your client's file to our

6    Administrative Review Unit for an independent review of her claim.  A representative from their

7    department will be contacting you soon."  NWL further admits that this lawsuit ensued, but

8    denies that it was ripe for filing.

9    18.    In response to paragraph 18 of Plaintiff's First Amended Complaint, NWL admits

10   that the original claims analyst wrote Plaintiff 's attorney to state that she took a second look at

11   the claim, that the claim remains denied ant that "[w]e will be referring your client's file to our

12   Administrative Review Unit for an independent review of her claim.  A representative from their

13   department will be contacting you soon."

14   19.    In response to paragraph 19 of Plaintiff's First Amended Complaint, NWL admits

15   that it has an inherent conflict of interest in that it is the entity that decides the claim and must pay

16   any benefits, but denies that this inherent conflict of interest had any effect on its decision.

17   20.    In response to paragraph 20 of Plaintiff's First Amended Complaint, NWL admits

18   that a third-party administrator was not used.

19   21.    NWL denies the allegations contained in paragraph 21 of Plaintiff's First

20   Amended Complaint.

21   22.    NWL denies the allegations contained in paragraph 22 of Plaintiff's First

22   Amended Complaint.

23   23.    Paragraph 23 of Plaintiff's Complaint does not contain any new allegations to

24   which a response is necessary.

25   24.    NWL denies the allegations contained in paragraph 24 of Plaintiff's First

26   Amended Complaint.

27   25.    NWL denies the allegations contained in paragraph 25 of Plaintiff's First

28   Amended Complaint.

-3-

26.     NWL denies the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint.

27.     NWL denies the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

28.     NWL denies the allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.

29.     NWL denies the allegations contained in paragraph 29 of Plaintiff's First Amended Complaint.

30.     In response to paragraph 30 of Plaintiff's First Amended Complaint, NWL admits that Plaintiff's claim is brought under Section 502(a)(1)(B).

31.     NWL denies the allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

32.     Paragraph 32 of Plaintiff's First Amended Complaint does not contain any new allegations to which a response is necessary.

33.     NWL admits the allegations contained in paragraph 33 of Plaintiff's First Amended Complaint.

34.     Paragraph 34 of Plaintiff's Complaint contains legal authority and not factual allegations.

35.     Paragraph 35 of Plaintiff's Complaint contains legal authority and not factual allegations.

36.     NWL denies the allegations contained in paragraph 36 of Plaintiff's First Amended Complaint.

37.     NWL denies the allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.

38.     NWL denies the allegations contained in paragraph 38 of Plaintiff's First Amended Complaint.

39.     Paragraph 39 of Plaintiff's First Amended Complaint does not contain any new allegations to which a response is necessary.

-4-

40.     In response to paragraph 40 of Plaintiff's First Amended Complaint, NWL admits that ERISA provides for a right of action to obtain an injunction or other equitable relief, but deny that Plaintiff is eligible to bring that claim under these circumstances.

41.     NWL denies the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42.     NWL denies the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43.     Paragraph 43 of Plaintiff's First Amended Complaint does not contain any new allegations to which a response is necessary.

44.     NWL denies the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45.     NWL admits the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46.     NWL admits the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47.     NWL denies the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48.     Except as expressly admitted above, NWL denies each and every allegation contained in Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

49.     As their affirmative defenses, defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

50.     Plaintiff fails to state a claim upon which relief can be granted.

/ / / /

/ / / /

/ / / /

/ / / /

-5-

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT OF REBECCA WALDER**

1

## SECOND AFFIRMATIVE DEFENSE
### (Denial of Benefits Was Not Arbitrary and Capricious)

2

3      51.      Without assuming any burden of proof, the decision to deny benefits was not

4    arbitrary and capricious.

5

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies/Ripeness)

6

7      52.      Plaintiff has failed to exhaust her administrative remedies and is therefore not ripe.

8

## FOURTH AFFIRMATIVE DEFENSE
### (Precluded Claim)

9

10     53.      Plaintiff's claim under 28 USC § 1132(a)(3) is precluded because a remedy, if any

11   is warranted, exists under 28 USC § 1132(a)(1)(B).

12     WHEREFORE, defendant prays for judgment as follows:

13     1.      Dismissing plaintiff's First Amended Complaint with prejudice;

14     2.      Awarding their attorneys' fees and costs incurred in defending this action; and

15     3.      Any other relief this Court deems just and equitable

16     DATED:  August 20, 2008

17
                              BUCHANAN ANGELI ALTSCHUL &
18                            SULLIVAN LLP

19

20                            _____/s/Andrew Altschul_____
                              Andrew M. Altschul (#226008)
21                            Attorney for Defendant

22

23

24

25

26

27

28

-6-